## EAKIN v. SMITH.

1. A judgment on bond and warrant of attorney can only be entered in the mode directed by the act for that purpose; although ten years have elapsed and it has become necessary to obtain leave of the court on an affidavit, as required by practice act.

2. In such case no costs can be taxed, and none can be recovered except the four dollars allowed by the statute. The statute is imperative.

---

Judgment in this cause having been entered by leave of the court, upon a bond with a warrant of attorney to confess judg-

ment more than ten years after the date of the warrant. Application was made to the court for the taxation of a bill of costs amounting to $20.28.

The CHIEF JUSTICE delivered the opinion of the court.

It would perhaps be a sufficient answer to this application to say that it is the duty of the clerk to tax costs, where they are taxable and not of the court. Inasmuch however, as the matter has been submitted to the court for an advisory opinion, we have no hesitation in saying that the costs are not to be allowed.

The judgment is entered upon a bond with warrant of attorney to confess judgment, under the provisions of the act entitled "an act directing the mode of entering judgments on bonds with warrants of attorney to confess judgments," passed the 24th day of February 1820. But the judgment not being entered within ten years from the date of the warrant of attorney, it became necessary (under the "act to regulate the practice of the courts of law"—*Rev. Laws* 415, § 15,) to obtain leave of the court before entering judgment, and also to produce as a foundation for the motion, an affidavit that the warrant was duly executed—that the defendant is living, and that the debt or a part of it is unsatisfied.

There is an incongruity between this provision of the practice act, and the mode of proceeding to enter up judgments under the act of eighteen hundred and twenty, which must have struck every attentive practitioner. And it may well be doubted whether the fifteenth section of the practice act was originally intended at all to apply to the special proceeding under the act regulating the mode of entering judgments on bonds with warrants of attorney. For although that proceeding was in force at the date of the practice act, the act of 1820 being substantially a copy of the act of 9th of March 1798—(*Paterson* 454)—yet it was not then obligatory on the party holding the bond to proceed in the manner directed by the act. He was at liberty to enter his judgment under the provisions of the statute or at common law at his election. The provision requiring judgments on bonds and warrants of attorney to be entered *only* in the mode prescribed by the

Eakin v. Smith.

act, and *not otherwise*, was introduced by an act passed on the 28th of February 1804—(*Pamph. L.* 324)—and was subsequently incorporated into the act of 1820. It may be fairly presumed that the special proceeding under the statute was not within the contemplation of the framer of the practice act, and that the provisions of the fifteenth section were designed as applicable only to proceedings according to the course of the common law.

But the act of 1804 having made it obligatory to enter judgments on bonds with warrants of attorney, in the mode specially provided by the act of 1798, the incongruity between the provisions of the two statutes became apparent.

Hence although it is made the duty of a judge upon the request of the party applying, and upon the production of the proper papers at all times to sign judgment; yet it shall not be done " without leave of the court." And although the clerk is required to enter judgment as of course; yet it is also enacted that the *motion* to enter the judgment shall be founded on an affidavit. Hence too while the practice act requires certain acts to be performed, the act directing the mode of entering judgment forbids any fees to be charged for rendering those services.

The act of 1820 under which the judgment is entered expressly declares that certain fees, and no other shall be allowed. Those fees amount, exclusive of the execution, to four dollars. The prescribed form of judgment is for that amount. We are now asked in a proceeding under this act to tax a bill of costs for various services not specified in the act, and to render judgment not for four dollars costs as prescribed by the act, but for more than twenty dollars. However reasonable the allowance may be it is not warranted by law.

We think that no other fees than those specified in the act of 1820 can be lawfully charged, and of these no taxation is necessary.